UNITED STATES DISTRICT COURT

for the

Southern District of Texas

\_\_\_ Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. _____ |
| | ) | |
| Steven SIROIS and Sandra SIROIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ZIONS BANCORPORATION, N.A., a national banking association, as successor-in-interest | ) ) ) | |
| Defendants. | ) | |

**ORIGINAL COMPLAINT FOR VIOLATIONS OF SECURITIES REGULATIONS**

### I.   NATURE OF THE SUIT

1. This is a claim for violation of the Securities Act of 1933, the Exchange Act of 1934, and provisions the Dodd-Frank Wall Street Reform and Consumer Protection Act as it relates to both consumer lending and securities regulation.

### II.   PARTIES

2. The Plaintiffs, **Steven Sirois** and **Sandra Sirois** are residents of Texas, at 7447 River Garden Drive, Houston Texas 77095 and may be served through their designated attorney-in-charge, Jerel W. Ehlert II, Ehlert Law PC, 1915 South Austin Avenue, Suite 110, Georgetown Texas 78626.

3. The Defendant, **Zion Bancorporation, N.A.** is a national banking association, and purported successor-in-chief to Dunrich Holdings Company. It can be served at its

principal place of business at One South Main Street, Suite 1500, Salt Lake City, Utah 84111. This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Corporation Service Company, 2180 South 1300 East, Suite 650, Salt Lake City, Utah 84106.

### Request for Disclosure

4. Plaintiffs request Defendant to include Disclosures under Fed. R. Civ. P. permitting additional time to answer as allowed.

### III. JURISDICTION AND VENUE

5. This action arises under 15 U.S.C. § 77a *et seq.*, the Securities Act of 1933 and 15 U.S.C. § 78a *et seq.*, the Exchange Act of 1934, and provisions of 12 U.S.C. § 5301 *et seq.*, the Dodd-Frank Wall Street Reform and Consumer Protection Act. The Court's jurisdiction over this action is proper under the above statutes, including 28 U.S.C. § 1331.

6. Personal jurisdiction exists generally over Defendant pursuant to 28 U.S.C. § 1391 because they have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within this District.

7. Venue is proper in the Court under 28 U.S.C §§ 1931(b), (c), and (d). Furthermore, venue is proper because Defendant solicited and established banking relationships with individuals in the District, which include the investment contract discussed below. Each of the Defendant's directly or indirectly acts were conducted in this District giving rise to proper venue.

8. Plaintiffs request removal of *Zions Bancorporation NA v. Sirois*, Cause No. 202047160, Harris Cnty., 80th Dist. Ct. to this Court's jurisdiction under 28 U.S.C. § 1441 based on joinder of federal question.

## IV.    BACKGROUND

9. Dunrich Holding Company, LP ("Dunrich") was a Texas limited partnership and land developer who sold lots in the Wildwood Shores subdivision at the north end of Lake Conroe, in Walker County, Texas in the mid-2000's. These lots were sold without improvements (water, sewer services or any other public utilities), but on the promise of future increase in value based on Dunrich's efforts in marketing and promised amenities.

10. On January 8, 2006, Dunrich sold Lot 26 Block 1 Section 11 ("Tract 1") to the Sirois for $75,000. Of that, the Sirois paid $7,500 at purchase, with Dunrich owner financing $67,500 at 11.50% APR, payable in 83 monthly installments of $788.51 from February 22, 2006 through December 22, 2012, with a balloon payment of $50,617.99 due January 22, 2013. The sales price was based on what the developer desired to receive because there were no market-driven comparable sales.

11. Approximately 3 ½ years into the payment schedule on Tract 1, Wildwood Shores (Dunrich's marketing/sales team) contacted the Sirois regarding a "special offer" made to current property owners to "upgrade" their current lot. Dunrich had properties "come back" to the developer, and a few were located on the water with boat slips and direct access to Lake Conroe. The Sirois felt the pressure of the balloon note coming due and exchanging lots would push off the balloon payment another five years. Representations by the developer's aggressive sales staff convinced the Sirois that being "on the water" was worth the value and would improve their position.

12. Dunrich offered Lot 4 Block 2 Section 7 ("Tract 2") for sale to the Sirois. They accepted the offer to "trade up". On June 28, 2009, the Sirois deeded Tract 1 to Dunrich (receiving credit of $30,017.39). Durich then sold the Sirois Tract 2 for $115,000 on owner

financing, taking back a note for $84,982.61. The Sirois signed a promissory note payable to Durich for the $84,982.61 at 4.90% APR, paid in 59 monthly installments of $667.60 from August 20, 2009 through June 20, 2014 and a balloon of $63,796.19 due July 20, 2014 (4 years, 11 months later). Again, the sales price of $115,000 was based on only what the developer sold other lots and bore no rational relation to the value of the lot at the time of the transaction because owners of other lots had no market in which to sell lots besides to the developer.

13. Dunrich formed the community association under a 2005 charter. During the 2006 and 2009 transactions, Dunrich made representations that the development would eventually include permanent homes, vacation homes, retirement homes and "various recreation facilities", including the "Conroe Lake Club" and "Wildwood Shores Resort". Of these promised amenities, Dunrich sold approximately 10 rental cabins and sold off the clubhouse/greeting center, with the community park and marina still not as promised after 15 years.

14. Prior to 2014, Vectra Bank Colorado acquired the Dunrich's promissory note on Tract 2. By the time the balloon came due, the Sirois paid $39,388.40 on the note for Tract 2, in addition to $30,017.39 credited. Dunrich's fraud became apparent. The Sirois refused to make the balloon payment based on Dunrich's fraud.

15. Between 2014 and 2019, the account was acquired by Defendant Zion Bancorporation, N.A. ("Zions") and named as a defendant as successor-in-interest to Dunrich. Attempts to resolve its purported claim have proved fruitless. On August 7, 2020, counsel for Zions filed a petition against Sirois in Harris County District Court for suit on the

promissory note for Tract 2 (the "State Case"). The Sirois intend to remove the state case to this Court.

16. In 2020, the Walker County Appraisal District values Tract 2 at only $34,470. Lots can be purchased today for as little as $12,000 (60+ days on market) while other lots have been listed for sale since 2015.

## V.  CLAIMS

17. Based on the above-described events, Plaintiffs assert several causes of action against the Defendant, as follows.

**A.  Violations of Securities Laws**

18. The allegations of paragraphs above are incorporated by reference as if fully set forth herein.

<u>Count 1</u>

19. The real estate purchase contracts made by the Sirois were investment contracts, and thus securities within the meaning of federal securities law, the 1933 Securities act, the 1934 Securities Exchange Act and Rule 10b-5. The Defendant's representations induced them to make their "investments" and constituted a fraud covered by the securities laws.

20. Plaintiffs allege fraud relating to the sales of securities, and charges violations of § 17(a) of the 1933 Act (15 U.S.C. § 77(1), § 10(b) of the 1934 Act (15 U.S.C. § 78(j) and Rule 10b-5. Plaintiffs maintain that their real estate purchase contracts were investment contracts and the definition of "security" found in § 2(1) of the 1933 Act (15 U.S.C § 77b) expressly includes "investment contract".

21. The lots (both Tract 1 and Tract 2) were vacant and substantially undeveloped, and not worth the purchase price without substantial improvements which the Defendant

promised. These improvements and amenities became representations to the Sirois. The excess purchase price over current value represents a common fund which would be used by Defendant to make improvements which would substantially increase the value of the individual lots. This constitutes a common enterprise dependent upon the efforts of the Defendant, and thus fall within the definition of an investment contract. Plaintiffs bring their claim based on the substance of the transaction, with emphasis upon the economic reality rather than mere form.

22. In the State Case, Zions admits being successor-in-interest to Dunrich, and therefore, proper party to hold accountable for Dunrich's acts.

## Count 2

23. Defendant offered and sold securities without filing a registration statement as required by the 1933 Act. Defendant violated § 5(a) of the 1933 Act, 15 U.S.C. § 77e (§ 5 Registration Requirement) which prohibits sale of unregistered securities.

## Count 3

24. Defendant paid its sales staff commissions for sale of investment contracts as unlicensed broker-dealers in violation § 15(a)(1) and § 29(b) of the Securities Exchange Act of 1934 (the "Exchange Act"). Defendants violated the Exchange Act when its salespersons "effect[ed] a transaction in securities" or "attempt[ed] to induce the purchase of sale of, any security" without FINRA registration. Under § 29(b), sale of securities by unregistered broker-dealers "shall be void" as to rights of persons who made or engaged in the performance of such contract.

25. The Defendant further violated the Exchange Act by "churning" the Sirois – convincing them to sell Tract 1 and buy Tract 2 at an unrealistically high purchase price.

**B. Violations of Dodd-Frank Wall Street Reform and Consumer Protection Act**

26. The allegations of paragraphs above are incorporated by reference as if fully set forth herein.

### Count 4

27. In the alternative, Defendants failed to provide disclosures related to consumer purchase of real property violating provisions of Dodd-Frank Wall Street Reform and Consumer Protection Act (the "Dodd-Frank Act") related to consumer protections. Specifically, 15 U.S.C. § 1639 related to balloon payments, which the note on Tract 2 contained, provisions regarding consumer's ability to repay the loan.

28. Defendant failed to comply with TILA and RESPA, as amended by the Dodd-Frank Act, when it made the owner finance loan on Tract 2 without collecting information about the borrowers and disclosing fees and rates connected with the loan.

**C. Violations of Texas law**

29. The allegations of paragraphs above are incorporated by reference as if fully set forth herein.

### Count 5

30. Defendant failed to make required disclosures to the Sirois under Texas' S.A.F.E. Act. when it made the owner finance loan on Tract 2 without collecting information about the borrowers and disclosing fees and rates connected with the loan.

### Count 6

31. Defendant failed to make required notices concerning debt collection in violation of Texas' Fair Debt Collection Act (the "TFDCA"). Defendants further violated TFDCA by

attempting to collect on a debt that is legally unenforceable and failed to give notice that the debt is unenforceable.

### Count 7

32. Defendant made representations to the Plaintiffs it knew were untrue at the time, upon which Plaintiffs relied to their detriment, and resulted in harm. Dunrich knew Tracts 1 and 2 were not worth the sales price at the time of the sale, but made representations for the Sirois to rely upon. Defendants violated Texas' statute by committing common law fraud, statutory fraud in a real estate transaction, and statutory fraud in sale of investments.

## VI.   VICARIOUS LIABILITY

33. The allegations of paragraphs above are incorporated by reference as if fully set forth herein.

34. In addition to liability for its own conduct, and Dunrich's conduct as successor-in-interest thereto, Defendant is also liable for the conduct of its subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise, and under applicable state and federal statutes and regulations.

## VII.   DAMAGES

35. The allegations of paragraphs above are incorporated by reference as if fully set forth herein.

36. Plaintiffs have been injured and seek damages to adequately compensate them for Defendant's conduct. Such damages should be no less than the amount Plaintiffs overpaid for Tract 2, plus statutory, actual, consequential, and supplemental damages.

37. Plaintiffs have been injured and seek damages to adequately compensate them for injure resulting from derogatory credit reporting and consequential loss of access to credit.

38. Plaintiffs have been injured and seek damages to adequately compensate them for expenses, court costs, and attorney's fees, as allowed.

## PRAYER FOR RELIEF

39. Steven and Sandra Sirois respectfully request the following relief:

   a. A judgment that Defendant sold Plaintiffs an investment contract as described herein;

   b. A judgment that Defendant used unregistered and unlicensed broker-dealers to sell investment contracts and churn the Plaintiffs as described herein;

   c. A judgment that Defendant failed to make the notices and disclosures, and attempted to collect on a debt as described herein;

   d. A judgment and order voiding the promissory note on Tract 2;

   e. A judgment and order requiring Defendant to pay Steven and Sandra Sirois all damages, court costs, and attorney's fees; and

   f. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial of all issues triable of right by a jury.

Date: October 7, 2020

                                        Respectfully submitted,

                                        /s/ Jerel W. Ehlert II
                                        Jerel W. Ehlert II, Attorney
                                        TBN:  24089000
                                        FBN: 3099187
                                        Ehlert Law, PC
                                        1915 S. Austin Ave., Ste. 110
                                        Georgetown, TX 78626

---

Original Complaint for Securities & Dodd-Frank Violations                                      Page 9

                346-231-1120
                jerel@ehlertlaw.com

                ATTORNEY FOR PLAINTIFF