UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN R. SIROIS, ET AL. | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-cv-03452 |
| | § | |
| ZIONS BANCORPORATION, N.A., | § | |
| | § | |
| Defendant. | § | |

## **OPINION AND ORDER**

Plaintiffs Steven and Sandra Sirois filed this lawsuit against Zions Bancorporation, N.A. ("Zions"), alleging a cacophony of claims under federal securities law, the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), and Texas statutory and common law. Armed with a laundry list of reasons why Plaintiffs' claims should fail, Zions filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *See* Dkt. 9. Curiously, Plaintiffs did not respond to the motion to dismiss in a timely fashion. Nonetheless, I issued an order giving Plaintiffs additional time to file a response to the motion to dismiss. Plaintiffs did not take me up on my offer, and the motion to dismiss remains unopposed to this day.

Local Rule 7.4 provides that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. Loc. R. 7.4. Even so, the Fifth Circuit has held that a district court cannot automatically grant a motion to dismiss when a plaintiff fails to file a response. *See Watson v. United States ex rel. Lerma*,

285 F. App'x 140, 143 (5th Cir. 2008) ("The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice."). Instead, I must address the substance of the motion and determine whether the complaint states a cognizable claim for relief. *See Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976) ("[A] proper sanction for a failure to respond to a motion to dismiss [is] for the trial court to decide the motion on the papers before it.").

The Rule 12(b)(6) standard is true and tested, having been pounded into the skull of every first-year law student. The rule allows a party to move for dismissal when the complaint fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face." *Eckhardt v. Qualitest Pharm., Inc.*, 751 F.3d 674, 677 (5th Cir. 2014). When considering a motion to dismiss, the district court must accept all well-pleaded facts in the plaintiff's complaint as true and view those facts in the light most favorable to the plaintiff. *See Stringer v. Town of Jonesboro*, 986 F.3d 502, 506 (5th Cir. 2021).

In its motion to dismiss, Zions advances several independent arguments in support of dismissal, the first being that all of Plaintiffs' causes of action are barred by the applicable statutes of limitations. This argument is a showstopper. There is no need to address any of the other reasons offered by Zions.

## THE ALLEGATIONS

According to the First Amended Complaint, Dunrich Holding Company, LP ("Dunrich") sold a lot ("Tract 1") in the Wildwood Shores subdivision at the north

end of Lake Conroe to Plaintiffs in January 2006. Roughly three-and-a-half years later, Dunrich's marketing and sales team contacted Plaintiffs "regarding a 'special offer' made to current property owners to 'upgrade' their current lot." Dkt. 7 at 3. Dunrich allegedly convinced Plaintiffs to deed Tract 1 to it on June 28, 2009. That same day, Dunrich sold Plaintiffs a separate tract (Tract 2). As part of that transaction, Plaintiffs signed a promissory note payable to Dunrich with monthly installment payments due from August 20, 2009 through June 20, 2014, and a balloon payment of $63,796.19 due on July 20, 2014. In connection with the 2006 and 2009 transactions, Dunrich reportedly made representations that the Wildwood Shores development would be a bustling area filled with permanent homes, vacation homes, retirement homes, and various recreation facilities. Convinced that Dunrich did not develop the subdivision as promised, Plaintiffs refused to make the balloon payment due in July 2014. In the First Amended Complaint, Plaintiffs allege a litany of causes of action, all arising from alleged misstatements made by Dunrich back when the land sales took place. The only involvement Zions had in this matter is as the successor-in-interest to the promissory note.

## ANALYSIS

A quick review of the First Amended Complaint reveals that the alleged fraudulent scheme underlying this lawsuit occurred sometime between 2006 to 2009. That's when Dunrich purportedly made the fraudulent statements that convinced Plaintiffs to buy Tract 1, sell it back to Dunrich, and then purchase Tract

2. For whatever reason, Plaintiffs waited 11 to 14 years from the time their claims accrued before filing this lawsuit. As a result, the statute of limitations poses an insurmountable obstacle to recovery.

For starters, Plaintiffs' claims for various securities laws are unquestionably barred by limitations, regardless of when Plaintiffs learned of the facts constituting the alleged violations. *See* 28 U.S.C. § 1658(b) (the applicable limitations period for violations of the Securities Act of 1933, the Securities Exchange Act of 1934, and Rule 10b-5 is the earlier of (1) two years after the discovery of the facts constituting the violation; or (2) five years after such violation); 15 U.S.C. § 77m (the applicable limitations period for Plaintiffs' claims relating to the sale of unregistered securities without a registration statement is one year from the date of the violation, or no more than three years after "the security was bona fide offered to the public").

As far as the other claims for affirmative relief, the face of the First Amended Complaint firmly establishes that such claims are barred by limitations. Plaintiffs assert that Zions violated Dodd-Frank by violating the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). The statute of limitations for damages claims under TILA is one year after the violation. *See* 15 U.S.C. § 1640(e). For RESPA, the limitations period is one to three years from the date of occurrence, depending on the particular section under which the claim is brought. *See* 12 U.S.C. § 2614. The Texas state law claims fare no better. The statute of limitations for an alleged violation of the Texas Fair Debt Collection Act

4

("TDCA") is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). *See also Clark v. Deutsche Bank Nat'l Tr. Co.*, 719 F. App'x 341, 343 (5th Cir. 2018) (applying § 16.003(a)'s two-year statute of limitations to TDCA claims). A four-year limitations period applies to Plaintiffs' claims for common law fraud, statutory fraud in real estate, and statutory fraud in the sale of investments. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4).

Tolling the statute of limitations period is Plaintiffs' only hope. Notably missing from the First Amended Complaint, however, are any allegations—detailed or otherwise—providing a basis for tolling the statute of limitations. This is fatal. According to the First Amended Complaint, Plaintiffs discovered the alleged fraudulent scheme by, at the absolute latest, July 20, 2014, the date the balloon payment became due and Plaintiffs refused to pay. Even if I give every benefit of the doubt to Plaintiffs and assumed that July 20, 2014, triggered the limitations period, the statute of limitations for all of Plaintiffs' claims still expired by July 20, 2019. This case was not filed until October 7, 2020. Accordingly, dismissal is required under Rule 12(b)(6). *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

## CONCLUSION

For the reasons provided above, the motion to dismiss filed by Zions is **GRANTED**. This case is dismissed. A final judgment will be entered separately,

SIGNED this 7th day of April 2021

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE